UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

KIMBERLY ANN HENNY,

    Petitioner,

v.

WARDEN DAVID PAUL,

    Respondent.

Civil Action No. 5:24-239-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

    Kimberly Ann Henny is an inmate at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, Henny recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which she argues that the Federal Bureau of Prisons ("BOP") has improperly failed to award her certain time credits she has earned pursuant to the First Step Act and thus is miscalculating her release date. [R. 1]. The Court has conducted an initial screening of Henny's petition pursuant to 28 U.S.C. § 2243 and will deny her request for relief at this time because she has not yet fully exhausted her administrative remedies.

    Under the law, there is a multi-tiered administrative grievance process within the BOP. If a matter cannot be resolved informally via a BP-8 Form, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. If a prisoner is not satisfied with the Warden's response, she may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. If the prisoner is not satisfied with the Regional Director's response, she may use a BP-11 Form to appeal to the General Counsel in Washington,

D.C., who has 40 days to respond. *See* 28 C.F.R. §§ 542.14, 542.15, and 542.18. Once the prisoner has fully completed all these steps, she may then file an action in federal court.

Here, it is clear from Henny's submission that she has not yet fully completed the BOP's administrative grievance process. Indeed, Henny herself acknowledges that she only filed her BP-11 Form with the General Counsel on "8-26-24," two days before she signed her § 2241 petition. [R. 1 at 3, 9]. Henny also admits that her BP-11 Form remains "pending." [*Id.* at 3]. Until Henny either receives a response to her BP-11 Form from the General Counsel or 40 days pass without a response, she has not yet fully exhausted her administrative remedies, as required. *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231-32 (6th Cir. 2006). Therefore, the Court will deny Henny's petition at this time. *See Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. 2017) (making it clear that, "when it is apparent on the face of a § 2241 petition that the petitioner has not exhausted [her] administrative remedies, a district court may sua sponte dismiss the petition without prejudice based on that affirmative defense.").

Accordingly, it is **ORDERED** as follows:

1. Henny's current petition for a writ of habeas corpus [R. 1] is **DENIED WITHOUT PREJUDICE** to her right to file a new action once she has fully exhausted his administrative remedies, including the BP-11 step of the process.

2. The Clerk's Office is **DIRECTED** to send Henny the following blank forms which she may eventually use to file a new § 2241 action (if necessary):

    a. an E.D. Ky. 521 Petition for a Writ of Habeas Corpus Under § 2241 Form;

    b. an AO Application to Proceed in District Court Without Prepaying Fees or Costs; and

    c. an E.D. Ky. 523 Certificate of Inmate Account Form.

3. This civil action is **STRICKEN** from the Court's docket.

4. The Court will enter a corresponding Judgment.

This 11th day of September, 2024.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY